# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | | |
|---|---|---|---|
| In the Matter of the Marriage of | ) | No. 72964-1-I | |
| | ) | | |
| FRANK J.B. D'ORR, | ) | | |
| | ) | | |
| Respondent, | ) | | |
| | ) | | |
| v. | ) | | |
| | ) | | |
| OLGA V. MAKALOVA, | ) | UNPUBLISHED OPINION | |
| | ) | | |
| Appellant. | ) | FILED: April 18, 2016 | |
| | ) | | |

VERELLEN, C.J. — Under CR 55, a party who appears in an action is entitled to notice of a default hearing. Failure to provide notice of the hearing requires reversal of a default order and judgment. Here, Frank D'orr filed a petition for modification of a parenting plan in King County Superior Court. Olga Makalova filed and served a response which included an address for notice of further proceedings. D'orr obtained a default order without providing proper notice. We conclude this was error and reverse.

## FACTS

Frank D'orr and Olga Makalova have been involved in extensive litigation following their divorce in February 2003. The present appeal is based on D'orr's petition to modify the existing parenting plan and child support order. Throughout the proceedings below, D'orr and Makalova did not have attorneys.

The record contains a return of service filed by D'orr stating that on May 6, 2014, he served Makalova with a summons, parenting plan, and related exhibits. D'orr asserts he served the documents on May 6, but never filed or pursued the matter.

Another return of service indicates D'orr served Makalova on June 16 with a summons, parenting plan, petition for modification, and related exhibits. It appears he did not file the June 16 materials until July 8.

On June 17, Makalova filed a "Response to Petition for Modification/Adjustment of Custody Decree/Parenting Plan/Residential Schedule" in King County Superior Court.[1] Clerk's Papers (CP) at 221. Her response included admissions and denials. She included a section entitled "Notice of Further Proceedings" listing an address in Burien, Washington. Makalova submitted her own proposed parenting plan and asked the court to approve that plan.

On July 8, the same day he filed his June 16 petition, D'orr also filed a "Motion and Declaration for Default." CP at 20. D'orr stated he served Makalova with the petition for modification and that more than 20 days had elapsed since the date of service. D'orr acknowledged that Makalova "did respond to another prior summons," but claimed the summons was "stricken and NOT filed which cannot be considered an answer to the filed summons served at hand." CP at 23.

The court entered a default order on July 8. Based on the default order, D'orr obtained a "default judgment" in the form of orders modifying the parenting plan and child support. CP at 31-36, 38-53, 54-69.

---

[1] A certificate of e-service indicates this response was e-mailed to D'orr on June 16 at 8:38 p.m.

On November 4, Makalova filed a motion to vacate the default judgment on the basis that she was not served with notice of the default hearing:

> I was not present in court because I was not served with a date and time of appearance. I would have been available by phone too if I was reached by court. I have responded to a petition, e-filed and send copies to a Petitioner. I have affidavit of mailing. Working copies could not be filed because no date and time was set. Frank served me 2 different stacks of papers in June. [sic] None had a date/time.

CP at 99-100. Makalova included a declaration repeating her claim that she failed to appear due to lack of notice.

On December 3, D'orr responded to Makalova's motion. Among other claims, he asserted that Makalova's June 17 filing was in response to the (May 6) petition he did not file.[2]

On December 5, the trial court heard oral argument and denied Makalova's motion to vacate.

On December 26, the trial court denied Makalova's motion to reconsider.

Makalova appeals.

## ANALYSIS

Makalova argues that the trial court erred by denying her motion to vacate the default judgment and her motion to reconsider based on that motion. She claims her

---

[2] D'orr further claimed that although entered by default, the parenting plan was an "'AGREED Parenting Plan', that just so happened origination was found in default, nevertheless Ms. Makalova agrees to it." CP at 246. The basis for this claim is a declaration filed by her attorney in a dependency action. But the dependency is a separate action and the record does not contain any suggestion that Makalova agreed to a modification including increased child support based upon income imputed to her. Makalova consistently took the position that D'orr's default orders in this action were obtained without proper service.

-3-

response to D'orr's petition for modification constituted an appearance in the proceedings entitling her to notice of the default hearing. We agree.

We review a trial court's decision on a motion to vacate a default judgment for an abuse of discretion. Little v. King, 160 Wn.2d 696, 702, 161 P.3d 345 (2007). A trial court abuses its discretion when its decision is manifestly unreasonable or is based on untenable grounds or untenable reasons. Rush v. Blackburn, 190 Wn. App. 945, 956, 361 P.3d 217 (2015). We review questions of law de novo. Morin v. Burris, 160 Wn.2d 745, 753, 161 P.3d 956 (2007).

CR 55 governs when a court may enter an order or judgment of default against a party and when the order or judgment may be set aside. The rule allows a party to move for default where "a party against whom a judgment for affirmative relief is sought has failed to appear, plead, or otherwise defend." CR 55(a)(1). As a policy matter, "[d]efault judgments are generally disfavored in Washington. 'We prefer to give parties their day in court and have controversies determined on their merits.'" Rush, 190 Wn. App. at 956 (quoting Morin, 160 Wn.2d at 754). This policy is balanced against the interest in an "organized, responsive, and responsible judicial system where litigants . . . comply with court rules." Little, 160 Wn.2d at 703.

Under CR 55(a)(3), once a party appears in an action "for any purpose," the moving party "shall" provide service "with a written notice of motion for default and the supporting affidavit at least 5 days before the hearing on the motion."

Under RCW 4.28.210, a party appears in a proceeding where she gives the plaintiff written notice of her appearance. Absent a formal notice of appearance under RCW 4.28.210, a party may substantially comply with the appearance requirements.

This generally requires a defendant to take some action, formal or informal, after the litigation was commenced "acknowledging that the dispute is in court." Morin, 160 Wn.2d at 757.

Once a party appears in an action, a trial court lacks authority to enter a default judgment without notice to that party. Housing Auth. of Grant County v. Newbigging, 105 Wn. App. 178, 190, 19 P.3d 1081 (2001). Thus, if a party is entitled to notice but does not receive it, the party has a right to have the default judgment vacated. Housing Auth. of Grant County, 105 Wn. App. at 190; Morin, 160 Wn.2d at 754.

D'orr makes no claim that he served Makalova with any notice of the default hearing.[3] He contends notice was not required because Makalova's June 17 response did not address the petition he served on June 16. He argues her response must have referred to materials he served in May but did not pursue. But D'orr misunderstands the significance of an appearance "for any purpose" in a dissolution action.

Makalova did not formally call her response a "notice of appearance." But her June 17 response expressly addresses D'orr's "Petition for Modification" under the same cause number D'orr used to obtain the default and subsequent orders. CP at 20, 221. Her response expressly directs that notice of further proceedings should be delivered to Makalova's address in Burien, Washington.

---

[3] D'orr claims he notified Makalova by telephone and text messages that he would move for default if she failed to respond to his petition. But even if he made such general assertions, he was still required to give specific notice of the date he set for hearing on the motion for default. CR 55(a)(3). He also fails to cite any portion of our appellate record. We are limited to the record on review and the record reveals no support for this assertion.

Makalova's June 17 response constituted written notice to D'orr of her appearance in this dissolution cause number. The response clearly communicated Makalova's intent to litigate any motion to modify. D'orr was required to give Makalova notice of his motion for default.

D'orr makes several other arguments in his brief that do not appear relevant to the issue before us on appeal.[4][5] These include claims of Makalova's abusive use of conflict, that Makalova improperly offers new information, and that we should not use any order prepared by Makalova's attorney. These arguments do not address the fundamental requirement for notice of a motion for default, and he provides no citation to legal authority to support these claims. We generally do not consider arguments without citations to the record and legal authority. RAP 10.3(a)(6); Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

We confine our review to the formal record on appeal. To the extent D'orr claims Makalova failed to raise the issue of improper service in her motion to vacate and her motion to reconsider, he is mistaken. The record demonstrates Makalova clearly raised this issue below.

---

[4] We granted D'orr's motion to have his motion to dismiss treated as his respondent's brief. In granting the motion, we held that "[t]he panel that decides the appeal on the merits will consider the motion to dismiss as a respondent's brief and the transcript to the extent it deems appropriate."

[5] D'orr's motion to dismiss included the claim that Makalova's appeal was untimely. A commissioner from this court considered the issue and found the appeal timely.

## CONCLUSION

Makalova's appearance required D'orr to give her notice of a default hearing. Because she did not receive this notice, Makalova is entitled to have the default judgment set aside. Reversed and remanded.

_____

WE CONCUR:

Trickey, ACJ          Becker, J.